**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **GONGSHAO CHEN** | **CASE NO. 1:26-CV-00698 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **PAMELA BONDI ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus (R. Doc. 1) under 28 U.S.C. § 2241 filed by Petitioner Gongshao Chen ("Chen"), a native and citizen of China. *See* R. Doc. 1 at 4. According to the Executive Office for Immigration Review[1] and the online detainee locator service[2], Chen is no longer detained. Court staff verified that Chen was released from ICE custody on an Order of Supervision on July 24, 2026.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

---

[1] https://acis.eoir.justice.gov/en/caseInformation
[2] https://locator.ice.gov/odls/#/results

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Here, the Petition sought immediate release from ICE custody. *See* R. Doc. 1. Because Chen has been released, he is not "in custody" as required for the court to have the power to grant a writ of habeas corpus. *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241. Accordingly,

**IT IS ORDERED** that the Petition (R. Doc. 1) is hereby **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

SIGNED on Thursday, September 24, 2026.

Jerry Edwards, Jr.

JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE